UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JEFFREY BARRETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 12-11726-FDS |
| ) | |
| J. GRONDOLSKY, WARDEN, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**SAYLOR, J.**

On September 7, 2012, plaintiff Jeffrey Barrett, a prisoner at FMC Devens in Ayer, Massachusetts, filed a *pro se* motion directed to Chief Judge Wolf entitled "Motion to Appoint Pro Bono Federal Defender Attorney Pursuant to 18 U.S.C. § 3006(A) and to Request That the Clerk of Court Provide the Plaintiff With a Copy of the Tort Claim That Was Filed On or About 05/2012." Barrett sought appointment of *pro bono* counsel to represent him in connection with a civil action that he alleges he filed in May 2012 pursuant to the Federal Tort Claims Act. ("FTCA").[1]

**I.    Background**

Barrett contends that he is in the Special Housing Unit at FMC Devens and is suffering from cruel and unusual punishment due to medical negligence and racial discrimination by the

---

[1] For administrative purposes, this matter was opened as a new civil action and randomly assigned pursuant to standard Clerk's Office practice and Local Rule 40.1.

staff and supervisory failures of Warden Grondolsky.  Specifically, Barrett contends that due to medical negligence, his right arm was amputated, and his arm and bloodstream were infested with maggots.  He further contends he needs appointed counsel because he is unable to write due to the loss of his hand.  He contends that his case is complex and that he has exhausted all of his administrative remedies.

A review of the records of this Court by the Clerk's Office has found no record of any complaint filed by Barrett in May 2012 or at any time since.

## II.    Analysis

Barrett seeks appointment of counsel for his civil action pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A.  However, that provision does *not* apply to the appointment of counsel in civil cases, such as an FTCA case; instead, it applies to the appointment of counsel in criminal cases.  Counsel in civil cases may only be appointed through the District Court's Pro Bono Program, which relies on attorneys to volunteer their legal services without compensation.  The decision to appoint *pro bono* counsel is discretionary, and a plaintiff does not have a constitutional or statutory right to appointed counsel.  *Dellenbach v. Hanks*, 76 F.3d 820, 823 (7th Cir. 1996) *cert. denied*, 519 U.S. 894 (1996).  In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in a fundamental unfairness impinging on the party's due process rights. *See DesRosiers v. Moran*, 949 F. 2d 15, 23 (1st Cir. 1991).  *See also Manisy v. Maloney*, 283 F. Supp. 2d. 307, 317 (D. Mass. 2003).

In any event, there is no lawsuit currently pending.  Pursuant to Rule 3 of the Federal Rules of Civil Procedure, a civil action is commenced by filing a complaint with the court.  Fed.

R. Civ. P. 3. At this time, no complaint has been filed, and thus this action cannot proceed. Moreover, absent a complaint, this Court cannot begin to gauge the merits of Barrett's claims and the propriety of appointing counsel for him. Although he raises serious concerns in his motion, at this juncture, the request is premature.

Finally, a party bringing a civil action must either (1) pay the $350 filing fee, *see* 28 U.S.C. § 1914(a), or (2) seek leave to proceed without prepayment of the fee, *see* 28 U.S.C. § 1915 (proceedings *in forma pauperis*). Where, as here, the plaintiff is a prisoner, a motion for waiver of prepayment of the filing fee must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

Accordingly, Barrett's "Motion to Appoint Pro Bono Federal Defender Attorney Pursuant to 18 U.S.C. § 3006(A) and to Request That the Clerk of Court Provide the Plaintiff With a Copy of the Tort Claim That Was Filed On or About 05/2012" will be denied without prejudice to its renewal if (1) a complaint is filed and (2) the proceeding is permitted to proceed.

Furthermore, within 21 days of the date of this memorandum and order, Barrett shall file a complaint along with the $350 filing fee for civil actions, or, in the alternative, a motion for leave to proceed *in forma pauperis* accompanied by a certified prison account statement.[2] The Clerk shall send Barrett the standard *in forma pauperis* application form.

---

[2] Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the $350 filing fee, notwithstanding the grant of *in forma pauperis* status. Based on the information contained in the prison account statement, the Court will direct the appropriate prison official to withdraw an initial partial payment from a plaintiff's account, followed by payments on a monthly basis until the entire $350 filing fee is paid in full. *See* 28 U.S.C. § 1915(b)(1)-(2). Even if the action is dismissed upon a preliminary screening, *see* 28 U.S.C. §§ 1915(e)(2), 1915A, the plaintiff remains obligated to pay the fee, *see McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997) (§ 1915(b)(1) compels the payment of the fee at the moment the complaint is filed).

Failure to comply with the directives contained in this memorandum and order will result in a dismissal of this matter.

### III. Conclusion

Based on the foregoing, it is hereby ordered that:

1. Plaintiff's "Motion to Appoint Pro Bono Federal Defender Attorney Pursuant to 18 U.S.C. § 3006(A) and to Request That the Clerk of Court Provide the Plaintiff With a Copy of the Tort Claim That Was Filed On or About 05/2012" (Docket No. 1) is DENIED without prejudice to its renewal.

2. Within 21 days of the date of this memorandum and order, plaintiff shall file a complaint along with the $350 filing fee or a motion for leave to proceed *in forma pauperis* accompanied by a certified prison account statement, or this matter will be dismissed.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: September 28, 2012